Nott, J;
delivered the opinion of the Court.
If the property in question had been given to the wife for life, or during her widowhood, for her own exclusive benefit, she might undoubtedly have renounced that benefit, and delivered up the property at any time to the persons for whom it was ultimately intended. But it was given to her in trust for the benefit of the children of the testator, for their maintenance and education, and upon her death or marriage, it was to be sold and the money divided among them. They were not, therefore, in any event intitled to the property, but only to the proceeds of the sale. I have no doubt, if they had all been of age, but that they might have entered into a compromise with the tenant for life, and taken the property instead of the money, but as long as there was one minor, no such arrangement could be made. It would have defeated the object of the trust, which could not be permitted. Neither could it have vested in them in consequence of the marriage. The trust did not then terminate, but the property was to be sold and the money paid over. If there had been clear and satisfactory proof that the trustee had delivered over the possession of the property to the plaintiffs, or any of them, and the case had been distinctly submitted to the jury, that they could have maintained their action on the ground of possession alone, I will not say that the verdict might not have been supported. But the presiding Judge instructed the jury, that the trustee had a right to deliver up the property, and the legatees had a right to receive it; and also, that by the marriage the pro *237 perty vested in them, and that on both those grounds they might find for the plaintiffs. The evidence that the trustee had delivered up the possession was of a very doubtful character, and if it had been much more strong, we could not know on which of the grounds the jury founded their verdict. They may have been governed by the instructions of the Judge and not by the facts of the case, and the motion must therefore be granted.
Motion granted.